UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDEN POWELL, #836559,

    Plaintiff,                                     Hon. Hala Y. Jarbou

v.                                                   Case No. 1:22-cv-201

T. PAGE, et. al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 26). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be denied.

## BACKGROUND

Plaintiff initiated this action against six individuals alleging various claims. (ECF No. 1). On screening, all of Plaintiff's claims were dismissed save her[1] Eighth Amendment failure to protect claim against Defendant Rayana Williams. (ECF No. 7-8). With respect to Defendant Williams, Plaintiff alleges the following.

---

[1] Plaintiff asserts that she is a transgender female and refers to herself as "she" and "her" throughout her complaint.

-1-

On June 26, 2020, Plaintiff reported to Williams that she had experienced "numerous altercations" with her "violent" cellmate, Vester Mills. Plaintiff requested to be moved to a separate cell. Williams responded that this was possible only if Plaintiff's security level was increased or she agreed to be placed in solitary confinement. Plaintiff rejected these options. Williams then requested that Plaintiff sign a "safety waiver" form. Williams told Plaintiff that, if she did not sign the form, "she would be placed in solitary confinement and then moved to Level 4 where she'd lose all of her Level 2 property." Plaintiff signed the form "in fear and under duress."

On September 25, 2020, Mills informed Plaintiff that she "was going to have to start paying dues (money or some exchange) for being in the cell." Mills then "grabbed [Plaintiff's] butt." When Plaintiff brushed away Mills' hands, Mills struck Plaintiff "in the face." Plaintiff alleges that Williams violated her Eighth Amendment rights by failing to protect her from her cellmate. Defendant Williams now moves for summary judgment on the ground that Plaintiff failed to exhaust her available administrative remedies. Plaintiff has responded to Defendant's motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether

its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to

such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of her motion, Defendant Williams has presented evidence that Plaintiff pursued a single grievance related to the allegations in her complaint. (ECF No. 27-3, PageID.118-27). A review of this grievance reveals the following. On July 8, 2020, Plaintiff submitted a Step I grievance. (ECF No. 27-3, PageID.124). According to Plaintiff, on June 26, 2020, she approached Williams and stated, "I don't know how you got to do it but you have to move me because I'm not going to keep getting accused of stealing stuff from my bunky, and stuff like that creates a hostile environment. So whatever you got to do, you need to move one of us." Williams later informed Plaintiff

that if she wanted to be moved, she would have to agree to move to Level 4, which Plaintiff declined to do.  (*Id.*).

Plaintiff's Step I grievance was rejected as "vague" and "illegible."  (ECF No. 27-3, PageID.125).  Plaintiff appealed the matter without success through Steps II and III.  (*Id.*, PageID.121-23).  Defendant argues that because Plaintiff's grievance was rejected as vague and illegible at all three steps of the grievance process, Plaintiff has failed to properly exhaust her administrative remedies.  The Court is not persuaded.

While reluctant to interject itself into the MDOC's prison grievance process, the Court is not obligated to simply disregard errors or mistakes in the enforcement or application of prison grievance policies.  *See, e.g., Burnett v. Walsh*, 2020 WL 3716555 at *3-4 (E.D. Mich., June 15, 2020) (court recommended that motion for summary judgment on failure to exhaust grounds be denied after finding that MDOC "improperly rejected" prisoner's grievance)[2]; *Ashley v. Boayue*, 2020 WL 5985203 at *5-6 (E.D. Mich., Feb. 18, 2020) (court recommended that motion for summary judgment on failure to exhaust grounds be denied in part after finding that MDOC "improperly rejected" prisoner's grievance)[3].

---

[2] This recommendation was adopted as the opinion of the Court after no party objected thereto.  *Burnett v. Walsh*, 2020 WL 3639564 (E.D. Mich., July 6, 2020).

[3] This recommendation was adopted as the opinion of the Court after no party objected thereto.  *Ashley v. Boayue*, 2020 WL 4282198 (E.D. Mich., July 27, 2020).

In her Step I grievance, Plaintiff clearly states that she spoke with Defendant Williams and informed her that there existed a "hostile environment" between her and her cellmate. Moreover, Plaintiff clearly requested to be separated from her cellmate because of this "hostile environment." Simply put, Plaintiff was requesting protection from her cellmate who she perceived as a threat to her safety. The determination by prison officials that Plaintiff's grievance was vague or otherwise failed to communicate the issue for which Plaintiff was requesting assistance is not reasonable and is, therefore, rejected. Accordingly, the undersigned concludes that Defendant has failed to satisfy her burden to establish that Plaintiff failed to exhaust her available administrative remedies.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 26) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 30, 2022            /s/ Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge