UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDEN POWELL,

    Plaintiff,

v.

T. PAGE, et al.,

    Defendants.
_____/

Case No. 1:22-cv-201

Hon. Hala Y. Jarbou

## **ORDER**

On November 30, 2022, the magistrate judge issued a Report and Recommendation (R&R), recommending that the Court deny Defendant Rayana Williams's motion for summary judgment (ECF No. 38). Before the Court is Williams's objection to the R&R (ECF No. 39).

Under Rule 72 of the Federal Rules of Civil Procedure, the Court must review de novo the portions of the R&R to which objections have been properly made:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). After review, the Court overrules Williams's objection and adopts the R&R.

Plaintiff Jorden Powell filed a claim under 42 U.S.C. § 1983 alleging that Williams violated her Eighth Amendment rights by not protecting her from her cellmate. Williams then filed a motion for summary judgment arguing that Powell failed to exhaust her available administrative remedies prior to filing this § 1983 claim. The R&R recommended that Williams's motion be denied. (R&R, PageID.201.) Specifically, the magistrate judge concluded that Powell clearly

requested protection from her cellmate, who she believed was a threat to her safety. Therefore, Powell's Step I grievance was neither "vague" nor "illegible," and it did not "otherwise fail to communicate the issue for which [Powell] was requesting assistance." (*Id.* at PageID.200-201.)

Williams objects to the R&R's finding that Powell exhausted her available administrative remedies. Specifically, Williams disputes the R&R's finding that Powell's grievance was wrongfully rejected as vague. (Williams's Obj. to R&R, ECF No. 39, PageID.202-203.) Instead, Williams argues that the Michigan Department of Corrections ("MDOC") properly denied Powell's grievance for failing to follow the grievance procedure. (*Id.* at PageID.203.) Specifically, Williams argues that Powell's Step I grievance violated MDOC Policy Directive 03.02.130 because it was vague and not stated "briefly and concisely." (*Id.* at PageID.204.)

Pursuant to the Prison Litigation Reform Act (PLRA), prisoners bringing 42 U.S.C. § 1983 claims against prison officials must first exhaust all available administrative remedies at their prison. *Doster v. Kendall*, 54 F.4th 398, 414 (6th Cir. 2022). The prison official bears the burden of establishing that the prisoner did not exhaust their administrative remedies. *Jones v. Bock*, 54 U.S. 199, 216 (2007). PLRA exhaustion requires "compliance with [MDOC's] deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).

The R&R properly denied Williams's motion for summary judgment. First, Powell's Step I grievance was not "vague." MDOC Policy Directive 03.92.130(J) lists the reasons why the Grievance Coordinator may reject an inmate's grievance. (Policy Directive, ECF No. 35-2, PageID.171.) Powell's claim was rejected, in part, based on 03.92.130(J)(1) for being "vague [and] illegible." (*Id.*) "If the grievance does not describe how the prisoner suffered injuries, and by whom or what, it will be rejected for vagueness." *Simpson v. Corr. Med. Servs.*, No. 07-CV-12609, 2008 WL 3539259, at *12 (E.D. Mich. Aug. 11, 2008). However, "[t]his Court is not

obligated to simply accept at face value the MDOC's assertion that a particular grievance is improperly vague." *Russell v. Berkshire*, No. 1:19-CV-1014, 2020 WL 7327577, at *3 (W.D. Mich. June 18, 2020), *report and recommendation adopted*, No. 1:19-CV-1014, 2020 WL 6498910 (W.D. Mich. Nov. 5, 2020) (citing *Williams v. Winn*, No. 18-11060, 2019 WL 2252012, at *6 (E.D. Mich. Feb. 27, 2019) ("The rejection of a grievance is not, however, the end of the analysis. It is appropriate for the Court to review the prison official's administration of the state grievance procedure.")).

In her Stage I grievance, Powell clearly described that she spoke with Williams. (Grievance, ECF No. 35-3, PageID.180.)  Powell told Williams by whom she felt threatened by, her cellmate, and what the harm was, her fear of a "hostile environment" created by her cellmate through numerous altercations.  (*Id.*)  This "hostile environment" resulted in Powell being grabbed and struck in the face by her cellmate.  (Compl. ¶ 25, ECF No. 1.)  Powell's Step I grievance is, therefore, not "vague" in violation of 03.02.130.

Williams also argues that because Powell's Step I grievance was two pages, it was not "stated briefly and concisely."  (Williams's Obj. to R&R, PageID.204.)  MDOC Policy Directive 03.02.130(S) states that grievances must be "stated briefly but concisely" and that the "information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how)." (Policy Directive, PageID.173.)  Although Powell's grievance was two pages, 03.02.130(S) states that "[a]dditional pages may be attached to the grievance form if . . . the grievant believes additional pages are necessary."  (*Id.*)  Powell's Step I grievance did not violate 03.02.130(S).  Thus, because Powell exhausted her available administrative remedies, Williams's motion for summary judgment will be denied.

3

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 38) is **APPROVED** and **ADOPTED** as the decision of the Court.

**IT IS FURTHER ORDERED** that Williams's objection (ECF No. 39) to the denial of summary judgment in the R&R is **OVERRULED**.

**IT IS FURTHER ORDERED** that Williams's motion for summary judgment (ECF No. 26) is **DENIED**.

Dated: February 3, 2023                    /s/ Hala Y. Jarbou
                                                             HALA Y. JARBOU
                                                            CHIEF UNITED STATES DISTRICT JUDGE