UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J‌ORDEN A‌NTHONY P‌OWELL,

      Plaintiff,                              Hon. Hala Y. Jarbou

v.                                                   Case No. 1:22-cv-201

T. P‌AGE, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings. (ECF No. 57). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be denied.

## BACKGROUND

Plaintiff[1] initiated this action March 8, 2022, against six individuals alleging various claims. (ECF No. 1). At this juncture, the only claim remaining is an Eighth Amendment failure to protect claim against Defendant Rayana Williams. (ECF No. 7-8). With respect to Defendant Williams, Plaintiff alleges the following.

On June 26, 2020, Plaintiff reported to Williams that she had experienced "numerous altercations" with her "violent" cellmate, Vester Mills. Plaintiff requested

---

[1] Plaintiff asserts that she is a transgender female and refers to herself as "she" and "her" throughout her complaint.

-1-

to be moved to a separate cell. Williams responded that this was possible only if Plaintiff's security level was increased or she agreed to be placed in solitary confinement. Plaintiff rejected these options. Williams then requested that Plaintiff sign a "safety waiver" form. Williams told Plaintiff that if she did not sign the form, "she would be placed in solitary confinement and then moved to Level 4 where she'd lose all of her Level 2 property." Plaintiff signed the form "in fear and under duress."

On September 25, 2020, Mills informed Plaintiff that she "was going to have to start paying dues (money or some exchange) for being in the cell." Mills then "grabbed [Plaintiff's] butt." When Plaintiff brushed away Mills' hands, Mills struck Plaintiff "in the face." Plaintiff alleges that Williams violated her Eighth Amendment rights by failing to protect her from her cellmate.

The Court assessed Plaintiff's complaint and dismissed, for failure to state a claim, all of Plaintiff's claims save her failure to protect claim against Defendant Williams. (ECF No. 7-8). On September 19, 2022, the Court entered a Case Management Order (CMO) providing, in part, that discovery would close on January 19, 2023. (ECF No. 21). The CMO also expressly noted that "the Court discourages" the filing of motions to dismiss for failure to state a claim because the Court had already analyzed Plaintiff's complaint and found that Plaintiff's failure to protect claim against Defendant Williams stated a claim upon which relief could be granted. (*Id.*).

On October 12, 2022, Defendant Williams moved for summary judgment on the ground that Plaintiff had failed to properly exhaust his available administrative remedies. (ECF No. 26-27). Defendant's motion was denied. (ECF No. 38, 48). On February 14, 2023, the Court entered an amended CMO. (ECF No. 49). The CMO provided that discovery closed on June 14, 2023, after which the parties were permitted to file a single motion for summary judgment. (ECF No. 49). More than one month later, Defendant filed the present motion.

## **LEGAL STANDARD**

Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The standard applicable to such a motion is the same Rule 12(b)(6) standard that the Court applied when conducting its initial review of Plaintiff's complaint. *See, e.g., Equal Employment Opportunity Commission v. Georgina's, LLC*, 2020 WL 7090215 at *1 (W.D. Mich., Dec. 4, 2020) (citations omitted).

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice...Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss...Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id*. at 678-79 (internal citations omitted).

## ANALYSIS

To prevail on his failure to protect claim, Plaintiff must establish that Defendant Williams was deliberately indifferent to "a substantial risk" that Plaintiff might suffer "serious harm." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). Specifically, Plaintiff must establish: (1) Defendant had reason to believe Plaintiff would be assaulted by another inmate and (2) Defendant had both the opportunity and means to prevent the assault. *See, e.g., Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013).

As the Court observed in its screening opinion, Plaintiff alleged that she "made Defendant Williams aware of numerous altercations with [her cellmate]" after which Defendant Williams "refused to separate [the two] unless Plaintiff went to solitary confinement or [agreed to have] her security level increased." (ECF No. 7, PageID.48). Plaintiff was later assaulted by her cellmate. (*Id.*, PageID.48-49). As the Court concluded, Plaintiff's allegations, "construed liberally," state a claim on which relief may be granted. (*Id.*, PageID.49).

Defendant's motion underscores why the Court discourages post-screening motions to dismiss for failure to state a claim. The Court takes very seriously its obligation to review prisoner complaints and dismiss any allegation that fails to state a claim. Defendant's motion merely expresses her disagreement with the Court's screening analysis without articulating any error the correction of which would result in a different outcome. To re-visit screening decisions in this manner constitutes a waste

of this Court's limited time and resources.  Accordingly, for the reasons articulated herein, the undersigned recommends that Defendant's motion be denied.[2]

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Judgment on the Pleadings (ECF No. 57) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: June 6, 2023                                /s/ Phillip J. Green
                                                      PHILLIP J. GREEN
                                                      United States Magistrate Judge

---

[2] Defendant also moves for qualified immunity on the ground that Plaintiff's allegations fail to state a claim.  As already discussed, however, Plaintiff's allegations state a claim.  Accordingly, the undersigned recommends that Defendant's motion for qualified immunity be denied.