UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDEN POWELL, #836559,

    Plaintiff,                                    Hon. Hala Y. Jarbou

v.                                                Case No. 1:22-cv-201

T. PAGE, et. al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 80) and Plaintiff's Motion for Summary Judgment (ECF No. 87). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted, Plaintiff's motion be denied, and this action terminated.

**BACKGROUND**

Plaintiff initiated this action against six individuals alleging various claims. (ECF No. 1). On screening, all of Plaintiff's claims were dismissed save her[1] Eighth Amendment failure to protect claim against Defendant Rayana Williams. (ECF No. 7-8). With respect to Defendant Williams, Plaintiff alleges the following.

---

[1] Plaintiff asserts that she is a transgender female and refers to herself as "she" and "her" throughout her complaint. This Report and Recommendation will do likewise.

On June 26, 2020, Plaintiff reported to Williams that she had experienced "numerous altercations" with her "violent" cellmate, Vester Mills. Plaintiff requested to be moved to a separate cell. Williams responded that this was possible only if Plaintiff's security level was increased or she agreed to be placed in solitary confinement. Plaintiff rejected these options. Williams then requested that Plaintiff sign a "safety waiver" form. Williams told Plaintiff that if she did not sign the form, "she would be placed in solitary confinement and then moved to Level 4 where she'd lose all of her Level 2 property." Plaintiff signed the form "in fear and under duress."

On September 25, 2020, Mills informed Plaintiff that she "was going to have to start paying dues (money or some exchange) for being in the cell." Mills then "grabbed [Plaintiff's] butt." When Plaintiff brushed away Mills' hands, Mills struck Plaintiff "in the face." Plaintiff alleges that Williams violated her Eighth Amendment rights by failing to protect her from her cellmate. Defendant Williams now moves for summary judgment. Plaintiff has responded to Defendant's motion and likewise moves for summary judgment. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether

its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Plaintiff's failure to protect claim implicates the Eighth Amendment which requires Plaintiff to establish that Defendant Williams was deliberately indifferent to "a substantial risk" that she might suffer "serious harm." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). To establish

that Defendant acted with deliberate indifference, Plaintiff must demonstrate that she was "subjectively aware of the risk," but failed "to take reasonable measures to abate it.'" *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 829, 847).

To prevail on the specific claim that Defendant Williams failed to protect him from an assault by another inmate, Plaintiff must establish: (1) Defendant had reason to believe Plaintiff would be assaulted by another inmate and (2) she had both the opportunity and means to prevent the assault. *See, e.g., Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013). Furthermore, that a prison official may have acted negligently is insufficient to establish a violation of the Eighth Amendment. *See, e.g., Farmer*, 511 U.S. at 835 (to prevail on an Eighth Amendment claim, the plaintiff must establish that the defendant acted with a "state of mind more blameworthy than negligence").

In her deposition, Plaintiff testified that she spoke with Defendant on June 26, 2020, at which point [s]he had been sharing a cell with Vester Mills for "about five to seven months." (ECF No. 81 at PageID.420). Plaintiff asked Defendant to "move one of us" because the animosity between she and Mills "is going to get way out of hand." (*Id.* at PageID.422). Defendant informed Plaintiff that if she wanted to move out of her cell, she would have to either move to a higher security level or be placed in protective custody. (*Id.* at PageID.422-23). Plaintiff declined and agreed to remain in a cell with Mills. (*Id.* at PageID.423, 426). When Plaintiff later urged Defendant to "move one of us" because "somebody is going to get hurt," Defendant "just brushed it off" and took no action. (*Id.* at PageID.423). On an unspecified date in August 2020, Plaintiff again

spoke with Defendant regarding the "hostile environment" she was experiencing with Mills. (*Id.* at PageID.427). Defendant, however, took no action. (*Id.*).

In an affidavit, Defendant Williams asserts the following. On June 26, 2020, Plaintiff requested to "move cells to be separated from her cellmate." (ECF No. 81 at PageID.436). Plaintiff, however, "did not provide any specific reason as to why she needed to be separated from Mills." (*Id.*). Defendant nevertheless offered to place Plaintiff in protective custody, which she declined. (*Id.*). Defendant explained to Plaintiff that because of "ongoing COVID-19 precautions," she could not move to another cell unless she agreed to an increase in security level or entered protective custody. (*Id.* at PageID.437). Later that day, Defendant spoke with Mills who "explained that she believed Powell had been stealing from her."[2] (*Id.*). On June 29, 2020, Mills informed Defendant that Plaintiff "returned most of the stolen items" and "they had worked it out and had no issues." (*Id.*). Defendant "did not believe there was any risk of harm to either [Plaintiff] or Mills after speaking with them." (*Id.*). Defendant further noted that "Mills does not have a history of having issues with cellmates." (*Id.*).

On September 25, 2020, Mills reported that he had been assaulted by Plaintiff. (ECF No. 81 at PageID.444). Mills exhibited "a laceration to his forehead and was bleeding from his nose and mouth region," consistent with "a physical altercation."

---

[2] According to Plaintiff, Mills also experiences Gender Identity Disorder. (*Id.* at PageID.420).

(*Id.*).  Plaintiff was charged with assault and battery and found guilty of this charge following a hearing.  (ECF No. 81 at PageID.445).

Plaintiff's claim fails for several reasons.  First, Plaintiff has failed to present evidence that she was assaulted by Mills.  In the deposition testimony presented to the Court, Plaintiff does not allege that she was assaulted by Mills.  Plaintiff makes reference to an altercation between she and Mills, but Plaintiff does not elaborate on the nature of the altercation or who initiated such.  (ECF No. 81 at PageID.412-29).  Defendant, on the other hand, has presented evidence indicating that Plaintiff assaulted Mills.  (ECF No. 81 at PageID.444-45).  In her reply and counter motion for summary judgment, Plaintiff has presented no evidence.  (ECF No. 87).  Moreover, even if the Court assumes that Plaintiff was assaulted by Mills, the result is the same.

Plaintiff has failed to present evidence from which a reasonable person could conclude that Defendant Williams knew, or should have known, that Plaintiff might be assaulted by Mills.  At most, Plaintiff complained that there existed animosity between she and Mills that might get out of hand.  Plaintiff also complained that because of the "hostile environment" that existed between she and Mills somebody might get hurt.  These vague and conclusory assertions are insufficient, however, to inform Defendant that there existed any possibility that Plaintiff might be assaulted.  *See, e.g., Reedy v. West*, 988 F.3d 907, 914-15 (6th Cir. 2021).  This conclusion is further supported by the unrefuted evidence that Vester Mills informed Defendant that he and Plaintiff had worked through their difficulty and "had no issues."

In sum, for the reasons articulated herein, the evidence before the Court entitles Defendant to relief. Plaintiff has failed to present evidence that she faced any discernable threat or risk to her safety or that Defendant Williams failed to respond reasonably to the information she knew or could reasonably be expected to know. Defendant, on the other hand, has presented information that she responded reasonably to the information she knew or could reasonably be expected to know.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 80) be granted, Plaintiff's Motion for Summary Judgment (ECF No. 87) be denied, and this action terminated.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 12, 2023          /s/ Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge